## In re FORFEITURE OF 1976 DODGE VAN.

No. 77-22503.

Circuit Court, Dade County.

December 8, 1977.

Richard E. Gerstein, State Attorney, Bayard Heath, Assistant State Attorney, for the state.

Charles H. Snowden, Hialeah, for the respondent.

ARDEN M. SIEGENDORF, Circuit Judge.

*Final judgment denying forfeiture:* This cause having come on for final hearing after rule to show cause and answer and the court, having taken testimony and determining that the essential facts are undisputed, and hearing argument of counsel, and being otherwise advised, makes the following findings of fact and conclusions of law —

*Findings of fact*

1. This action was commenced by a rule to show cause why certain property should not be forfeited to the use of the state, pursuant to §943.41, et seq., Fla. Stat.

2. Said property is a 1976 Dodge Van, Vin #B11AB6X102630.

3. On June 21, 1977, in Dade County, said van was owned and operated by one Rafael Guevara. On the above date, Rafael Guevara sold to an undercover agent of the Hialeah Police Department a controlled substance, to wit — 400 Placidyl pills (ethchloruynol). The Placidyl was kept in the van prior to sale.

4. The above described incident is the only one of record, that is, no evidence was presented to indicate drug "trafficking."

5. There is no lien of record on the above described vehicle.

*Conclusions of law*

The draconian consequence of a strict-constructionist approach to Sections 943.41 - 943.44, Florida Statutes, is evident in *Grimm v. State,* 305 So.2d 252 (Fla. 1st DCA, 1974). Appellant and three companions, while parked in appellant's new Fiat, were arrested for possession of a small quantity of marijuana. The trial court forfeited his automobile to the state of Florida. The First District Court of Appeal, in affirming the forfeiture, held that "[t]he statutory language is clear," 305 So.2nd at 253, and rejected the argument that it was the legislative intent to confiscate only vehicles of those "trafficking" in illegal drugs. See also *Carelo-Toledo v. Pearson Yacht Leasing Co.,* 16 U.S. 663, (1974).

However, in *In re Forfeiture of the Following Described Vehicle, 1972 Porsche 2 Dr., '74 Florida License Tag ID 91788 VIN #9111200334,* 307 So.2d 451 (Fla. 3d DCA, 1975), the Third District Court of Appeal expressed the view that "forfeiture of an automobile is a drastic remedy in the absence of a nexus between the illegal drugs found in the car and the furtherance of an illegal drug 'operation' . . ." 307 So.2d at 452. See also comment, 3 Fla. State Law Review 438 (1975); *United States v. United States Coin and Currency,* 401 U.S. 715, (1971).

In this instance, no evidence exists to show a nexus between the drugs found in respondent's van and an ongoing drug operation or drug "trafficking."

Based upon the above, and relying specifically upon the reasoning of *In re Porsche,* supra, it is ordered and adjudged that the state's petition for forfeiture is denied and the state is ordered to return forthwith the van in question to respondent.